IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHRYN MARCHETTI and JONATHON MARCHETTI,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CHICAGO TITLE INSURANCE COMPANY (f/k/a Ticor Title Insurance Company) and FIDELITY NATIONAL TITLE INSURANCE COMPANY,<br><br>　　　　Defendants. | Case No.: 12-cv-5985 |

## COMPLAINT

Plaintiffs Kathryn and Jonathon Marchetti (the "Marchettis") bring claims against Defendants Chicago Title Insurance Company (f/k/a Ticor Title Insurance Company) and Fidelity National Title Insurance Company (collectively, "Chicago Title"), alleging as follows:

### Nature of the Action

1. This is a civil action for damages and injunctive relief brought by the Marchettis against Chicago Title for breach of a title insurance policy and vexatious and unreasonable delay under 215 ILCS 5/155. The Court has diversity jurisdiction.

2. Despite repeated demands, Chicago Title has refused to pay substantial sums it still owes the Marchettis under an owner's title insurance policy, where title to the subject property (as insured) has completely failed. Further, in breach of the policy,

1

Chicago Title has abandoned prosecution of certain claims on behalf of the Marchettis, even though the plain language of the policy requires Chicago Title to continue such prosecution "diligently."

### Jurisdiction and Venue

3. This Court has subject-matter jurisdiction because this is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

4. This Court has personal jurisdiction over Chicago Title because, among other things, Chicago Title does business in Illinois, committed acts and transactions giving rise to these claims in Illinois, and contracted to insure relevant persons, property, and risks at the time of contracting in Illinois.

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b) because a substantial part of the events or omissions giving rise to the claims in this action occurred, or a substantial part of property that is the subject of the action is situated, within this district.

### The Parties

6. Plaintiff Kathryn Marchetti is an Illinois citizen residing in this district.

7. Plaintiff Jonathon Marchetti is an Illinois citizen residing in this district.

8. Defendant Chicago Title Insurance Company (f/k/a Ticor Title Insurance Company) is a Nebraska corporation with its principal place of business in Florida. Chicago Title is registered to do business in Illinois, does business in Illinois, and has offices in Chicago, Illinois.

9.      Defendant Fidelity National Title Insurance Company is a California corporation with its principal place of business in Florida. It is registered to do business in Illinois, does business in Illinois, and has offices in Chicago, Illinois. Upon information and belief, Fidelity National Title Insurance Company and Chicago Title Insurance Company are affiliates.

**The Title Insurance Policy**

10.     On or about May 15, 2008, Chicago Title (through its predecessor) entered into a written contract of insurance under the terms of which Chicago Title executed and delivered to the Marchettis an owner's policy of title insurance, No. 2000 000605071 OC (the "Policy"), insuring title in the Marchettis to real property (the "Property") described in the policy. A copy of the Policy is attached as Exhibit A and incorporated by reference. Under the Policy, the Marchettis were insured to hold title to the Property in fee simple.

11.     On or about May 15, 2008, the Marchettis paid $180,000 to purchase the Property. In late 2008, after significant improvements made by the Marchettis, the fair market value of the Property exceeded $198,000.

12.     Fraud perpetrated on the Marchettis by certain third parties led to complete failure of the Marchettis' title (as insured) in the Property. The fraud has been the subject matter of the "Quiet Title Action," "Third-Party Claims," and "Criminal Case" described below.

**The Quiet Title Action**

13.     On or about October 24, 2008, a quiet title action concerning the Property was filed in the Circuit of Cook County, Illinois, Chancery Division, captioned *Carla*

*Lekich, et al. v. Jonathon Marchetti, et al.*, No. 08 CH 40184 (the "Quiet Title Action"). On or about October 27, 2008, that court entered an order restraining the Marchettis from accessing or occupying the Property.

14. The cause of action alleged in the Quiet Title Action was to ascertain and determine the ownership of the Property. The plaintiffs (hereafter, the "Quiet Title Plaintiffs") in the Quiet Title Action alleged that a series of fraudulent activities and forgeries by others led the Marchettis to acquire defective title in the Property.

15. After the Marchettis received service of process in the Quiet Title Action, the Marchettis promptly notified Chicago Title of the pendency of the action. Chicago Title later appeared (through its selected counsel) and defended the Marchettis in the Quiet Title Action.

16. Chicago Title failed to establish title, as insured by the Policy.

17. On or about March 12, 2012, with Chicago Title's full consent and authorization, the Marchettis disclaimed and disavowed any title or interest in the Property.

18. On or about April 25, 2012, judgment was entered in favor of the Quiet Title Plaintiffs, finding that the Marchettis had no right, title, or interest in the Property—title to which had been insured by Chicago Title under the Policy.

**The Third-Party Claims**

19. In response to the Quiet Title Action, Chicago Title instituted on behalf of the Marchettis a number of cross-claims and third-party claims (collectively, the "Third-Party Claims"), alleging that others are liable to the Marchettis for the fraud that led to

4

the defective title. The Third-Party Claims sound in breach of warranty, breach of contract, fraud, unlawful notarization, and action on surety bond.

20. On or about May 14, 2012, despite the Marchettis' demands to the contrary, Chicago Title gave notice that it would be abandoning prosecution of the Third-Party Claims and would stop paying for the Marchettis' legal representation. The law firm that had been representing the Marchettis in the Third-Party Claims, therefore, has expressed plans to withdraw from the representation, leaving the Marchettis without counsel in that pending litigation.

### The Criminal Case

21. Lastly, a criminal case involving the fraud perpetrated on the Marchettis (captioned *People v. John Hodgman*, No. 10 CR 18880 (the "Criminal Case")), has been pending in the Circuit Court of Cook County, Illinois. The indictment in the Criminal Case names the Marchettis as victims.

22. Upon information and belief, Chicago Title is not a named victim. Nonetheless, on or about May 21, 2012, Chicago Title procured—for its sole benefit—an order of restitution in the Criminal Case. Thus far, Chicago Title has collected $37,500, and is ultimately expected to receive $75,000 in total restitution. Chicago Title provided no notice to the Marchettis of the restitution proceedings and has failed to pay the Marchettis any of the proceeds.

### Damages and Payments

23. The foregoing has resulted in damage to the Marchettis.

24. The Marchettis purchased the Property on or about May 15, 2008 for $180,000. After purchasing the Property, the Marchettis hired independent contractors

who expended labor and provided materials for the improvement of the Property. The improvements cost more than $100,000. The Marchettis made the improvements in good faith and without notice of the defects in their title to the Property.

25. Consequently, in late 2008 (when the Quiet Title Action began), the fair market value of the Property exceeded $198,000.

26. Further, during the pendency of the Quiet Title Action, the Marchettis were judicially restrained from enjoying possession of the Property, requiring them to pay significant sums in rent for other accommodations.

27. Accordingly, the Marchettis have suffered damages exceeding $198,000 for the complete failure of title in the Property.

28. Further, Chicago Title is expected to receive, in total, $75,000 in restitution from the Criminal Case, none of which has been paid to the Marchettis.

29. Despite the foregoing, Chicago Title has paid only $110,000 for claimed losses under the Policy (not including costs, attorney fees, or expenses).

## Count I

### Breach of Insurance Contract (Failure to Pay for Covered Loss)

30. Paragraphs 1–29 are incorporated herein by reference.

31. Under Section 8 of the Policy, the maximum coverage afforded is $198,000, not including costs, attorney fees, or expenses.

32. Under Section 8 of the Policy, the Marchettis "have the right to have the loss or damage determined either as of the date the claim was made…or as of the date it is settled and paid."

33. Because of the foregoing, the Marchettis covered loss under the Policy exceeds $198,000. After accounting for $110,000 paid by Chicago Title, at least an additional $88,000 is owed to the Marchettis under the Policy to compensate for covered losses.

34. Payment of damages to the extent provided by the Policy has been repeatedly demanded of Chicago Title, but Chicago Title has failed and refused to pay the same. Accordingly, the Marchettis have been damaged by Chicago Title's breach of the Policy.

## Count II

## Breach of Insurance Contract (Failure to Diligently Prosecute)

35. Paragraphs 1–34 are incorporated herein by reference.

36. Section 7(b) of the Policy allows Chicago Title "at its own cost, to institute and prosecute any action or proceeding or to do any other act that in its opinion may be necessary or desirable to establish the Title, as insured, or to prevent or reduce loss or damage to the [Marchettis]. *** If [Chicago Title] exercises rights under this subsection, it must do so diligently."

37. Chicago Title's abandonment of the prosecution of the Third-Party Actions constitutes a failure of diligence, in breach of at least Section 7(b) of the Policy.

38. Diligent prosecution of the Third-Party Actions has been repeatedly demanded of Chicago Title, but Chicago Title has failed and refused to do the same.

39. Upon information and belief, unless enjoined by this Court, Chicago Title will continue to do acts or omissions complained of herein, all to irreparable harm of the Marchettis. The Marchettis have no adequate remedy at law.

## Count III

## Declaratory Judgment

40. Paragraphs 1–39 are incorporated herein by reference.

41. Chicago Title has claimed that its payment to date of $110,000 under the Policy entitles it to subrogation to the rights of the Marchettis against certain third parties. The Marchettis maintain that Chicago Title has no ripe subrogation rights because, among other things, the Marchettis have not yet recovered payments to fully cover their loss.

42. Chicago Title has sought and obtained restitution in the Criminal Case and has indicated that it intends to intervene in the Third-Party Action (on its own behalf) on a theory of subrogation.

43. The Marchettis, through counsel, have expressed their position that Chicago Title has no ripe subrogation rights.

44. An actual, present and justiciable controversy has arisen between the Marchettis and Chicago Title concerning whether Chicago Title is subrogated to any rights of the Marchettis.

45. The Marchettis seek declaratory judgment from this Court that Chicago Title is not subrogated to any rights of the Marchettis, including without limitation the Criminal Case or the Third-Party Action.

## Count IV

## Breach of Insurance Contract (Subrogation)

46. Paragraphs 1–45 are incorporated herein by reference.

47. By seeking and obtaining restitution in the Criminal Case (with no benefit to the Marchettis) Chicago Title has breached the Policy, including without limitation Section 13(a), which states: "If a payment on account of a claim does not fully cover the loss of the [Marchettis], [Chicago Title] shall defer the exercise of its rights to recover until after the [Marchettis] shall have recovered [their] loss."

48. The Marchettis have been damaged and will continue to be damaged by Chicago Title's breach described herein.

## Count V

### Unjust Enrichment (Restitution from Criminal Case)

49. Paragraphs 1–48 are incorporated herein by reference.

50. By seeking and obtaining restitution in the Criminal Case, with no benefit to the Marchettis, Chicago Title has unjustly obtained benefits (and is expected to receive further unjust benefits) that are rightfully owed to the Marchettis.

51. The Marchettis have been damaged and will continue to be damaged by Chicago Title's breach described herein.

## Count VI

### Vexatious and Unreasonable Delay (215 ILCS 5/155)

52. Paragraphs 1–51 are incorporated herein by reference.

53. Chicago Title's refusal to pay amounts due or to fulfill its obligations under the Policy has been vexatious and unreasonable within the meaning of Section 155 of the Illinois Insurance Code (215 ILCS 5/155).

## Prayer for Relief

**WHEREFORE**, the Marchettis request the following relief:

A. damages in excess of $88,000, in an amount to be determined;

B. payment of all amounts Chicago Title has received or will receive as purported restitution from the Criminal Case;

C. a declaration that Chicago Title is not entitled to subrogation;

D. a temporary and permanent injunction ordering Chicago Title to promptly and diligently prosecute the Third-Party Actions on behalf of the Marchettis, and to pay all associated costs and expenses;

E. a temporary and permanent injunction preventing Chicago Title from asserting or enjoying subrogation to the Marchettis rights in any proceeding;

F. interest and costs;

G. attorney fees, expenses, statutory, exemplary, and punitive damages under 215 ILCS 5/155, or as otherwise provided by law; and

H. such additional and further relief as the Court deems just and proper.

Dated: July 30, 2012

Respectfully submitted,

　/s/ Tawfiq I. Ali　
Tawfiq I. Ali
Ali Law Practice LLC
35 E. Wacker Drive
Suite 650
Chicago, IL 60601
tali@alilawpractice.com
ID No. 6292261

*Attorney for plaintiffs Kathryn and Jonathon Marchetti*