a.

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KATHRYN MARCHETTI and | ) | |
| JOHN MARCHETTI , | ) | |
| Plaintiffs, | ) | |
| | ) | 12-cv-5985 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| CHICAGO TITLE INSURANCE COMPANY | ) | |
| (f/k/a Ticor Title Insurance Company) and | ) | |
| FIDELITY NATIONAL TITLE INSURANCE | ) | |
| COMPANY, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants Chicago Title Insurance Company (f/k/a Ticor Title Insurance Company) and Fidelity National Title Insurance Company (collectively "Chicago Title") move to dismiss Counts VI through IX of plaintiffs Kathryn Marchetti and Jonathon Marchetti's (collectively "the Marchettis") first amended complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Count VI alleges violations of the Illinois Title Insurance Act ("ITIA"), Counts VII and VIII allege violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and Count IX alleges breach of fiduciary duty and duty of good faith. For the foregoing reasons, Chicago Title's motion is denied in its entirety.

**Background**

On May 15, 2008, the Marchettis and Chicago Title executed a title insurance policy in which Chicago Title insured real property purchased by the Marchettis for $180,000. In late 2008, the Marchettis made improvements to the property so that the property's market value was increased to over $198,000. On October 24, 2008 a quiet title action concerning the property was filed in state court. It was learned that fraud, perpetrated by a third-party, had resulted in the Marchettis acquiring defective title to the property. In accordance with the title insurance policy, Chicago Title represented the Marchettis in the quiet title action; however, the state court found that the Marchettis had no right, title, or interest in the property.

Chicago Title instituted various cross-claims and third-party claims on behalf of the Marchettis alleging that other parties were liable to the Marchettis for the fraud which resulted in the defective title. However, on May 14, 2012, Chicago Title gave the Marchettis notice that it would no longer pursue the Marchettis' cross and third-party claims. Subsequently, a criminal action based on the fraud perpetrated against the Marchettis was filed in state court, resulting in an order of restitution made payable to Chicago Title for $75,000. Chicago Title has collected $37,500 of that judgment. The Marchettis allege that the restitution order was entered based on the misrepresentation that Chicago Title was entitled to subrogation rights.

While Chicago Title has paid the Marchettis $110,000 for claimed losses under the policy, the Marchettis claim that Chicago Title still owes them at least an additional $88,000 because they have suffered damages exceeding $198,000. Furthermore, the Marchettis claim that under the insurance policy Chicago Title was not entitled to collect any losses until the Marchettis had been fully compensated for their losses. The Marchettis' complaint alleges breach of contract (Counts I, II, and IV), unjust enrichment (Count V), and seeks declaratory judgment stating that Chicago Title's subrogation rights are not ripe (Count III). The Marchettis allege further violations of the ITIA (Count VI), violations ICFA (Count VII and VIII), and breach of fiduciary duty and duty of good faith (Count IX). Chicago Title moves to dismiss Counts VI through IX.

**Legal Standard**

In order to survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This standard is met when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations stated in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is decided solely on the face of the complaint and any attachments that accompanied its filing. *Miller v. Herman*, 600 F.3d 726, 733 (7th Cir. 2010).

**Discussion**

    *1.    Count VI: ITIA*

Count VI alleges that Chicago Title has materially misrepresented the terms of the title insurance policy by representing to the assistant state's attorney and the state court that it has a ripe subrogation right. Chicago Title moves to dismiss Count VI arguing that the Marchettis provide no support for their contention that Chicago Title lacks subrogation rights. Chicago Title argues further that the Marchettis provide no explanation as to how Chicago Title misrepresented to the assistant state's attorney that it had such subrogation rights.

The Marchettis have sufficiently alleged a claim under the ITIA for purposes of Fed. R. Civ. P. 12(b)(6). The Marchettis' complaint need only narrate an intelligible grievance that, if proven, shows a legal entitlement to relief. *See Indep. Trust Corp. v. Fid. Nat'l Title Ins. Co.*, No. 05 C 5749, 2007 U.S. Dist. LEXIS 23898, at *35 (N.D. Ill. Mar. 30, 2007). Here, the Marchettis allege that Chicago Title has materially misrepresented and continues to misrepresent the terms or conditions of their insurance policy and that Chicago Title misrepresented to the Illinois assistant state's attorney and the state court in an underlying criminal action, that it has ripe subrogation rights under the insurance policy. (Compl. at ¶ 54). In particular, the Marchettis allege that Chicago Title's representation that its payment of $110,000 to the Marchettis entitled it to subrogation rights is a misrepresentation. (Compl. at ¶¶ 42, 54). The Marchettis allege that because they have not recovered payments owed to them under the policy to fully cover their losses, Chicago Title's subrogation claim is not ripe. (Compl. at ¶ 42). The Marchettis allege further that Chicago Title breached the terms of their insurance policy when it collected restitution under subrogation given that the insurance policy specifically provides that Chicago Title will defer the exercise of its rights to recover until after the Marchettis have fully recovered their losses. (Compl. at ¶ 48). The Marchettis allege sufficient facts, accepted as true, to state a

claim to relief that is plausible on its face. Accordingly, Chicago Title's motion to dismiss Count VI is denied.

    **2.**    *Count VII and VIII: ICFA*

Chicago Title argues that Counts VII and VIII should be dismissed because: (1) the Marchettis fail to plead with "particularity and specificity" the deceptive manner of Chicago Title's acts or practices; and (2) the Marchettis fail to allege a deceptive act or practice distinct from the breach of contract claim itself.

The elements of a claim under ICFA are: "(1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; and (3) the occurrence of the deception during a course of conduct involving trade or commerce." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417 (Ill. 2002). Recovery may be had for unfair as well as deceptive conduct and the applicable pleading standard is contingent on whether the plaintiff alleges claims for fraud/deceptive practices or unfair conduct. "Because neither fraud nor mistake is an element of unfair conduct under [ICFA], a cause of action for unfair practices under [ICFA] need only meet the notice pleading standard of Rule 8(a), not the particularity requirement in Rule 9(b)." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 669-670 (7th Cir. 2008)(noting that "therefore, under federal notice pleading standards, the complaint [for unfair practices] need only provide a short and plain statement of the claim that shows, through its allegations, that recovery is plausible rather than merely speculative"). Claims, however, "for violation of ICFA as to fraud and deception, are subject to the same heightened pleading standards as other fraud claims; as such they must satisfy the particularity requirement of Rule 9(b)." *Vangsness v. Deutsche Bank Nat'l Trust Co.*, 2012 U.S. Dist. LEXIS 169388, 13-14 (N.D. Ill. Nov. 29, 2012). Accordingly, this Court must consider Counts VII and VIII separately to determine whether the Marchettis have adequately alleged claims for relief.

    a.  *Deceptive Practices*

In order to state a deceptive acts or practices claim under ICFA, the Marchettis must allege: "(1) a deceptive act or practice by [Chicago Title]; (2) [Chicago Title] intended [the Marchettis] would rely on the deception; (3) the deception occurred in the course of conduct involving trade and commerce; and (4) actual damage to the plaintiff (5) proximately caused by

the deception." *Sharkey v. NAC Mktg. Co.*, 2012 U.S. Dist. LEXIS 168370, 18-19 (N.D. Ill. Nov. 28, 2012). To satisfy Rule 9(b), the circumstances of the alleged misrepresentation must be pled in detail including the "who, what, when, where, and how: the first paragraph of any newspaper story." *Id*.

The Marchettis adequately allege a claim for deceptive practices in violation of ICFA. The Marchettis allege deceptive acts by Chicago Title when it allegedly misrepresented that it had ripe subrogation rights and when it concealed or omitted from the Marchettis its efforts to procure restitution. (Compl. at ¶ 59). The Marchettis allege that Chicago Title intended that they would rely on its deceptive acts (Compl. at ¶ 59) and that the deception occurred in the course of conduct involving commerce (Compl. at ¶ 58). The Marchettis also allege that they suffered actual damages by not being fully compensated for their losses while Chicago Title collected restitution sums in violation of the parties' title insurance policy. (Compl. at ¶¶ 34, 61). The Marchettis allege that Chicago Title intended for them to rely on its concealment so that Chicago Title could collect restitution under the false representation that its subrogation rights were ripe. Accordingly, Chicago Title's motion to dismiss Count VII is denied.

      **b.** *Unfair Practices*

In determining whether a given course of conduct or act is unfair, the Court considers "(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers." *Robinson*, 201 Ill. 2d at 417-18. All three of the elements need not be satisfied to support a finding of unfairness. *Id*. at 418. Therefore, a "practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Id*.

Here, essentially the Marchettis allege that Chicago Title "through its misrepresentations and omissions, wrongfully injured and usurped an opportunity for recovery by the Marchettis from a third party." (Pl.'s Resp. at 9). Specifically in their complaint the Marchettis allege that Chicago Title violated ICFA by employing unfair practices that offend public policy including knowingly misrepresenting relevant facts or policy provisions, not attempting in good faith to settle claims, refusing to pay amounts due to the Marchettis, failing to properly explain Chicago Title's denial of benefits to the Marchettis, requiring the Marchettis to agree to joint representation against third-party claims, exploiting information obtained in a fiduciary capacity,

and unreasonable delay or denial of coverage and benefits owed to the Marchettis. (Compl. at ¶ 63). These allegations adequately address the three considerations above which guide a court's determination of whether conduct is unfair. Accordingly Chicago Title's motion to dismiss Count VIII is denied

   3. *Breach of Fiduciary Duty and Good Faith*

Count IX alleges that Chicago Title breached its fiduciary duty and duty of good faith. Chicago Title argues that Count IX should be dismissed as precluded under the Illinois economic loss doctrine. Generally, a plaintiff may not recover in tort for purely economic losses arising from misrepresentations in the sale of goods. *Moorman Mfg. Co. v. National Tank Co.*, 91 Ill. 2d 69 (1982). However, the Marchettis rightly argue that the Illinois economic loss doctrine is inapplicable to intentional torts. *Basler Elec. Co. v. Fortis Plastics, LLC*, No. 12-cv-713-JPG, 2012 U.S. Dist. LEXIS 153229 (S.D. Ill. Oct. 25, 2012) (noting that "[t]he Seventh Circuit has specifically recognized intentional torts as an exception to the Moorman doctrine"). Chicago Title next argues that Count IX should be dismissed because a breach of contract promise without more is not actionable under ICFA. Contrary to Chicago Title's contentions, the Marchettis allege more than a mere breach of contract claim. The Marchettis allege that Chicago Title misrepresented its subrogation rights and concealed information in violation of its fiduciary and good faith duties. This is sufficient to state a claim at this phase of the proceedings. Accordingly, Chicago Title's motion to dismiss Count IX is denied.

**Conclusion**

For the reasons discussed above, Chicago Title's motion to dismiss Counts VI through IX is denied in its entirety.

IT IS SO ORDERED.

Date: January 28, 2013

                      Sharon Johnson Coleman
                      United States District Judge